J. BOWDER, v. D. M. TIFFANY, Appellant.

Commission for Sale of Land: AGENCY: INSTRUCTION. Under 1 the evidence in the case, an instruction that the plaintiff could not recover commissions for the sale of property, as made, unless such sale was induced and procured by plaintiff, was correct.

Same: REFUSAL TO GIVE INSTRUCTION. It is not error to refuse to 2 give an instruction which does not cover the point complained of, where the court's instruction embodies all that is asked.

*Appeal from Cerro Gordo District Court.*—HON. C. H. KELLY, Judge.

TUESDAY, OCTOBER 21, 1902.

ACTION to recover commission for sale of real property. Verdict and judgment for plaintiff. Defendant appeals. —*Affirmed.*

*Cliggitt, Rule & Keeler* for appellant.

*Blythe & Markley* for appellee.

McCLAIN, J.—It appears from the evidence that defendant first employed plaintiff to sell together two pieces of property, and that plaintiff negotiated a sale of both to the person to whom defendant subsequently sold the one piece, for the sale of which plaintiff seeks to recover a commission, but that this sale was not consummated because of a mistake as to the terms on which it was to be made. Plaintiff claims that defendant subsequently made another contract for the separate sale of the piece of property which was subsequently sold, and that he was the

efficient cause of that sale. The court correctly instructed the jury that plaintiff could not recover unless such subsequent contract was established, and the sale which was finally made was induced and procured by plaintiff. In this respect the instructions are correct; but the principal contention of counsel for appellant is that the jury might have thought that the prior negotiations with reference to the two properties was the efficient cause of the subsequent sale of the one piece under the new contract, and that an instruction should have been given to the effect that nothing done by plaintiff with reference to the sale of the two properties jointly could be considered in determining whether he procured the sale of the one piece of property under the new contract of agency. The difficulty is that the instructions asked by defendant, which were refused, were not so drawn as to cover that point. Each of them directed the jury's attention to the question whether there was a contract of agency for the sale of the one piece of property separately, and that question was sufficiently covered by the instructions given.

There was evidence to support the verdict, and the judgment is AFFIRMED.